WILLIAM FRANK GRIMES, *p.a. vs.* PAUL M. BROOMFIELD.

MARCH 8, 1963.

PRESENT: Condon, C. J., Roberts, Paolino and Frost, JJ.

PAOLINO, J. This action of trespass for assault and battery was brought by the plaintiff, a minor, through his father and next friend, against the defendant for injuries received as a result of an assault committed on him by the defendant. The defendant pleaded the general issue. The case was tried before a jury in the superior court and resulted in a verdict for the defendant. The cause is before us on the plaintiff's exceptions to certain evidentiary rulings, to a portion of the charge, and to the refusal of the trial justice to give certain instructions requested by the plaintiff.

The plaintiff testified in substance that on August 6, 1956 he was at the bank of the river in the village of Carolina, looking at the river; that he was then eleven years of age; that defendant came down and told him to get out; that he started to walk away and while doing so defendant struck him in the left ear and knocked him down; that as a result he felt dizzy and suffered nervousness and pain; and that he went home and told his mother and father what had happened.

The defendant testified that on the day in question he was working around the Carolina mill property adjacent to

the mill pond; that the property was owned by the Atlas Corporation in which he was an officer; that his duties consisted of taking care of the property and protecting it from vandalism and trespassers; that he never gave plaintiff permission to go on the property; that he saw a group of youngsters and a woman down at the mill pond near the gates; that he saw plaintiff throwing stones toward the water near the gates; and that he walked over to the gates and told them all to get off.

The defendant further testified that plaintiff left and that a short time later the woman and her three children left; that at no time did he come in close proximity to plaintiff; and that plaintiff did not fall to the ground.

In view of the questions raised by plaintiff's bill of exceptions it is not necessary to discuss the testimony of other witnesses presented by the parties since none of them witnessed the alleged assault. The plaintiff's mother and father and two doctors testified about plaintiff's physical appearance and condition after the alleged assault.

The charge of the trial justice included the following instructions: "If you should find, in accordance with these instructions for the defendant, then you need go no further. If, on the other hand, that you should find in accordance with the instructions I have already given to you, that the defendant is guilty, in accordance with the declaration charged, then you shall find for the plaintiff, and you come down to the question of damages." The plaintiff did not object to this portion of the charge and it therefore became the law of the case. The jury thereafter returned a verdict of not guilty.

The plaintiff has neither briefed nor argued his exception to the denial of his motion for a new trial. In fact he conceded in his oral argument that he is not pressing it. The exceptions which he has briefed and argued basically raise the same question and for that reason we shall treat them together.

The trial justice, over the objection of plaintiff, admitted in evidence testimony by defendant relating to the ownership of the property on which the alleged assault occurred and defendant's duty to protect it from vandalism and trespassers. To be specific, defendant testified that the property was owned by the Atlas Corporation in which he was an officer; that it was his duty to protect the property from vandalism and trespassers; that only those persons could go on it who had received permission from the owners; that he was the only person on the premises and consequently such permission would have to come from him; and that he had never permitted plaintiff to go on the premises.

The plaintiff objected to the admission of such testimony and moved that it be stricken on the ground that it was inadmissible under the plea of the general issue. He argued then, as he does now, that such testimony could be admitted only under a special plea of justification. He contends that the rulings of the trial justice admitting such testimony constituted prejudicial error.

In the charge to the jury the trial justice gave the following instructions to which plaintiff has excepted on the ground that they constituted prejudicial error.

> "Now, in determining whether or not this act was willful or malicious, you have a right to take into consideration the locus or the place where the alleged occurrence took place, the circumstances surrounding the alleged incident, the time and the circumstances of the person alleged to have been—to have committed the assault and battery. The Court has permitted testimony to be introduced during the course of this trial intending to show that the defendant was in charge of the property that the youngsters were throwing stones into the sluice-way, and other circumstances surrounding the duties and the obligations of the defendant in connection with said property. That evidence is to be considered by you solely upon the question of damages. On the question of whether or not, if you should

find for the plaintiff, whether or not the act committed by the defendant was a willful or a malicious act."

In our opinion plaintiff's exceptions to the evidentiary rulings and to the foregoing portion of the charge are without merit. The testimony in question was admitted, as is clearly shown by the portion of the charge to which plaintiff has excepted, only for the jury's consideration on the question of damages. Under the charge they were not to consider such testimony on the question of liability or justification. Moreover, in his general charge the trial justice expressly charged the jury that if, in accordance with his instructions, they should find for defendant, they were to go no further. Stated another way, the trial justice charged that if the jury found defendant not guilty they were not to consider the question of damages. The plaintiff did not except to this instruction.

In the absence of circumstances strongly indicating the contrary it is assumed, in accordance with well-established principle, that in performing their duties the jury followed the law given to them by the trial justice. Having found defendant not guilty of assault and battery as charged in the declaration, it follows that the jury did not reach the question of damages and therefore never considered the testimony in question. In the circumstances, even if we assume that the trial justice erred in admitting such testimony in view of the verdict of not guilty, plaintiff was not prejudiced thereby because, as we have already stated, the jury never reached the question of damages.

With respect to the portion of the charge to which plaintiff excepted, we are of the opinion that the trial justice did not err. See *Deltuwa* v. *Sivinski,* R. I., 113 Atl. 393, where at page 394 the court stated:

"If the defendant was privileged to introduce the testimony referred to in mitigation of damages, we cannot very well assume that it was offered in justification, a purpose for which the plaintiff argues it would

be inadmissible in the absence of a special plea. A defendant is entitled to place before the jury any circumstances in mitigation of damages which might show a provocation for the assault. 2 Greenleaf on Ev. (16th Ed.) §93.

"It would be going too far to say that testimony bearing upon the question of damages is improperly admitted because it might be useful under a plea of justification."

The view we have taken is supported by the undisputed fact that defendant offered no testimony in justification of any assault. His testimony was in substance a denial of the alleged assault. The issue of damages would arise only if the jury believed plaintiff's version of the occurrence on the day in question. It is clear from their verdict that they did not. In our opinion the rationale of the court in *Deltuwa* v. *Sivinski, supra,* applies to the case at bar.

Under exception 44 plaintiff contends that in the state of the pleadings and evidence in this case the trial justice committed reversible error in refusing to grant his written request to charge the jury as follows:

"3. There is no legal evidence upon which you can determine who the owner of the land was where the alleged assault and battery took place, and the matter of ownership of the land should not be within your consideration in deciding this case.

"4. Under the pleadings in this case, whoever was the owner of the property where the alleged assault and battery took place, or whoever was in charge, or a keeper or custodian of the property is in no way to be considered by you in your deliberations.

"5. In this case of trespass for assault and battery, since no matters in justification or excuse are specially pleaded, you are not to consider any matters pertaining to justification or excuse."

In our opinion this exception also lacks merit. With respect to request No. 3, there is evidence in the record that the property on which the alleged assault and battery oc-

curred was owned by the Atlas Corporation. In refusing the plaintiff's request the trial justice stated in effect that he had covered the matter in his charge, but not in the same language. As we have already pointed out, he correctly charged the jury that they were to consider the testimony concerning the ownership of the property and the defendant's duties in relation thereto only on the question of damages and not on the question of liability. In the circumstances he did not err in refusing the requested instructions.

All of the plaintiff's exceptions are overruled, and the case is remitted to the superior court for entry of judgment on the verdict.

*Edward M. Botelle,* for plaintiff.

*Emanuel J. Lauria,* for defendant.