386 A.2d 1116.

WALTER KOSKIE *v.* INDUSTRIAL NATIONAL BANK.

JUNE 2, 1978.

PRESENT: Bevilacqua, C.J., Joslin, Kelleher and Doris, JJ.

PER CURIAM. In this civil action the plaintiff seeks damages for injuries allegedly sustained in 1973 when he stepped into a depression in the parking lot of the defendant's Pawtucket branch, slipped and fell. The case was tried to a jury which, in response to a written interrogatory submitted pursuant to Super. R. Civ. P. 49(b), found that the accident was not "caused in whole or in part by the negligence of the defendant." Consistent therewith the jury returned a general verdict for the defendant. The plaintiff did not move for a new trial and, on appeal, argues not that the jury's verdict on liability was wrong, but that the trial justice erred in an evidentiary ruling.

As part of his case the plaintiff presented testimony that a 1976 work-related injury had aggravated the back condition that he claims resulted from his 1973 fall in the defendant's parking lot. To rebut that testimony the defendant, over objection, introduced evidence that the plaintiff had received Workmen's Compensation benefits for the incapacity resulting from his 1976 injury. Both the testimony of the 1976 injury and the rebuttal evidence, however, were unrelated to the issue of the defendant's liability. Rather, they were obviously directed solely to the plaintiff's claim for damages. Consequently, even were we to assume that there is merit to the plaintiff's contention that the admission of the challenged evidence was erroneous, the error would be harmless since the evidence related solely to an issue that the jury never reached. *Grimes* v. *Broomfield*, 96 R.I. 28, 32, 188 A.2d 662, 664 (1963).

The plaintiff's appeal is denied and dismissed, the judgment appealed from is affirmed and the case is remanded to the Superior Court.

Mr. Justice Weisberger did not participate.

*John F. McBurney*, for plaintiff.

*John F. Dolan*, for defendant.